Dear Examiners Hand
¶ 0 This office has received the request of your predecessor, Arlene B. Schaefer, Ph.D., for an official Opinion in which she asked, in effect, the following question:
The Psychologists Licensing Act (the "Act") is set forth at 59O.S. 1991 and Supp. 1996, §§ 1351-1376. Does the exemption fromthe Act at 59 O.S. Supp. 1996, § 1353(3) apply to personsemployed by private agencies which contract with a State agencyto provide services of a psychological nature?
¶ 1 You have stated that from time to time a State agency such as the Department of Mental Health and Substance Abuse may contract with private, non-profit community mental health centers to provide services which fall under the practice of psychology as defined in the Act. The Act exempts certain activities and services from its coverage when they are part of the duties of a person in the employ of a State agency. You indicate this question has arisen because some private agencies and individuals in their employ contend they are entitled to this exemption because they receive State funds. The real crux of the analysis of your question is whether those who work for a private entity which has a contract with the State are "in the employ" of a State agency.
¶ 2 The pertinent provision of the Act is as follows:
 No person shall represent himself or herself as a psychologist or engage in the practice of psychology unless such person is licensed pursuant to the provisions of the Psychologists Licensing Act. The provisions of the Psychologists Licensing Act shall not apply to:
. . . .
 3. The activities, services, and use of an official title by a person in the employ of a state agency,
if such activities and services are a part of the duties of the office or position of such person within such agency or institution[.]
59 O.S. Supp. 1996, § 1353[59-1353] (emphasis added).
¶ 3 In order to be exempt from the Act under the above provision when providing psychological services one must be (1) an individual, (2) employed by a State agency, (3) performing one's duties within the agency. In the scenario which you have described, more than one of these elements is missing. The persons in your question are in the employ of a private entity which, although it has a contract with a State agency, is not a State agency. It follows, then, that they have no office or position within the agency of which their activities might be a part.
¶ 4 The Central Purchasing Act, 74 O.S. 1991 and Supp. 1996,§§ 85.1-85.44C, contains the following requirement:
 Each requisition required by this section for nonprofessional or professional services whether or not such services are exempt from the competitive bidding requirements shall be accompanied by a statement signed by the chief administrative officer of the state agency or the chief administrative officer of the requisitioning unit of the agency certifying that:
. . . .
 e. the contract will not establish an employment relationship between the state or the agency and any persons performing under the contract[.]
74 O.S. Supp. 1996, § 85.4[74-85.4](C)(2) (emphasis added). Thus, under State law, an employment relationship between a State agency and an individual performing under a contract for professional services is prohibited.
¶ 5 That prohibition is further illustrated in the Governmental Tort Claims Act, 51 O.S. 1991 and Supp. 1996, §§ 151-172, which contains the following exclusion in its definition of employee:
 [Employee] does not mean a person or other legal entity while acting in the capacity of an independent contractor or an employee of an independent contractor[.]
51 O.S.Supp. 1996, § 152[51-152](5)(a)(1) (emphasis added).
¶ 6 When a phrase is defined in any statute, the definition is applicable to the same phrase whenever it occurs unless a contrary intention is apparent. 25 O.S. 1991, § 2[25-2]. While the word defined above is employee rather than "in the employ of," the word and the phrase are closely enough related to determine that the legislative intent is that an individual employed by an independent contractor is not an employee of the State.
¶ 7 In summary, employees of a private entity which has a contract with the State to provide services of a psychological nature are not in the employ of a State agency. They cannot then claim an exemption from the requirements of the Psychologists Licensing Act.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
A person who provides services which come within the definitionof the practice of psychology as defined in the PsychologistsLicensing Act, 59 O.S. 1991 and Supp. 1996, §§ 1351-1376,while employed by a private entity which has a contract with aState agency, are not entitled to the exemption in 59 O.S.Supp. 1996, § 1353(3) provided to a person in the employ of aState agency.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL